# Clark *versus* Clark.

1. A vendee of land by articles of agreement cannot defeat a recovery of the purchase-money on account of a previous sale of the land by the sheriff, on an incumbrance which attached after the original purchase, if there was at the time of the sheriff's sale, money enough due from him to pay it.

ERROR to the Court of Common Pleas of *Greene county*.

This was an action of covenant brought by John Clark, the defendant in error, who was plaintiff below, against Lawrence Clark, the plaintiff in error and defendant below.

The plaintiff claimed on articles of agreement dated June 11, 1842, wherein the plaintiff covenanted to sell and convey to defendant 100 acres of land, for the consideration of $1200, in payments—$400 of which was payable April 1, 1842, and $200 annually thereafter until paid, with interest on the whole sum from April 1, 1843.   The deed to be made April 1, 1844.   The plea of defendant was *non est factum*, covenants performed, with leave to give the special matters in evidence, &c.

At the time of the sale there were no judgments against plaintiff, although it appears he was largely indebted, but shortly after on July 2, 1842, Bradberry Tewksberry entered up a judgment bond for $197, against the plaintiff and one Solomon Hoge, who had formerly owned the land.   In a short time after, the other judgments were entered up.

On the 25th June, 1842, Lawrence Clark paid plaintiff $22; on the 6th of August, 1842, $117 more; and by an agreement with plaintiff, Lawrence assumed to pay Solomon Hoge a balance due said Hoge on this same land of some $75 or $80.

Tewksberry, to whom John Clark had given the judgment before

[Clark *v*. Clark.]

mentioned, issued sundry executions on his judgment, levied upon the land sold by John to Lawrence Clark, and sold it, and the interest of John Clark, in the unpaid purchase-money coming from Lawrence in this land, to Wm. Seals, Esq., for $345, to whom the sheriff made and acknowledged a deed, after which Lawrence ,bought out Seals, by deed, which was acknowledged before the plaintiff, John Clark, Esq., who was then a Justice of the Peace, and it appears wrote this article between him and Lawrence.

The Court, GILMORE, P., instructed the jury that if Lawrence Clark, at the time of the sale, had sufficient of the consideration-money in his hands to discharge the incumbrance on which the land was sold, the plaintiff was entitled to recover.

The charge of the court was assigned for error.

*Sayres*, for plaintiff in error, referred to *Anwerter* v. *Mathiot*, 9 S. & R. 397; *McMullen* v. *Rudey*, 16 S. & R. 18; *Fasholt* v. *Reed*, Ib. 266; *Purviance* v. *Lemmond*, Ib. 292; *Calhoun* v. *Hollenbac*, Ib. 425; *Catlin* v. *Robinson*, 2 Watts, 373; *Wilson* v. *Stoxe*, 10 Watts, 436; *Chew* v. *Mather*, 1 Pa. R. 474; *Day* v. *Lowrie*, 5 Watts, 412.

*Black*, *Downey* and *Phelan*, for defendant in error, referred to *Harper* v. *Jeffries*, 5 Wh. 26; *Todd* v. *Gallagher*, 16 S. & R. 163; *Noble* v. *McGinnis*, 7 W. & S. 454; *McCarty* v. *Springer*, 3 Pa. R. 157; *Renshaw* v. *Ganz*, 7 Barr, 117; *Dentler* v. *Brown*, 1 Jones, 295; *Garrard* v. *Lantz*, 2 Jones, 186.

The opinion of the court was delivered October 17, 1853, by

KNOX, J.—This is an action of covenant on articles of agreement for the sale of land.

The defence is, that the land was sold on a judgment entered against the vendor subsequent to the agreement.

To sustain this, the plaintiff below relied upon the fact, that, at the time of the sheriff's sale, there was more than sufficient due upon the article of agreement to have paid the incumbrance upon which the sale was made; and that the defendant, instead of paying the judgment, suffered the land to be sold, and subsequently re-purchased it from the sheriff's vendee at a price greatly below its value.

The court below charged the jury, that if Lawrence Clark, the vendee, had in his hands sufficient of the consideration-money to discharge the incumbrance on which the land was sold, the plaintiff was entitled to recover. This is assigned for error. But under the authority of several adjudicated cases, particularly *Harper* v. *Jeffries*, 5 Wharton, 26, and *Garrard* v. *Lantz*, 2 Jones, 186, the instruction was correct.

[Allegheny County v. Shoenberger.]

There is nothing in the remaining assignments of error. The facts which related to the amount of payments upon the article were fairly submitted to the jury.

Judgment affirmed.